**SO ORDERED.**

**SIGNED this 17th day of September, 2024.**



Dale L. Somers
United States Chief Bankruptcy Judge

Designated for online publication only
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In re:** | |
| **Lodging Enterprises, LLC,** | **Case No. 24-40423** |
| | **Chapter 11** |
| **Debtor.** | |

**Memorandum Opinion and Order
Approving the Retention of Chief Restructuring Officer**

Debtor Lodging Enterprises, LLC (Lodging or Debtor) has applied to employ[1] 12588391 Canada Inc. (Canada Inc.) as Chief Restructuring Officer (CRO) pursuant to § 327(a).[2] Mr. Wenner is the owner and sole employee of Canada Inc. The Court will therefore review the application as if it were an

---

[1] Doc. 132.

[2] 11 U.S.C. § 327(a). All references to sections of Title 11 shall be to the section number only.

application to retain Mr. Wenner. The United States Trustee (UST) objects to the application. Following an evidentiary hearing on August 29, 2024, the Court placed the matter under advisement.

Mr. Wenner filed two affidavits[3] and testified at the hearing in support of his retention. Since 2021, Mr. Wenner has been the Chief Financial Officer of nondebtor VCM Global Asset Management, Inc. (VCM Inc.). Mr. Vukota, who is President of Debtor, was the founder and is the CEO of VCM Inc. As a result of his role at VCM Inc., Mr. Wenner is generally familiar with Lodging's business, financial conditions, policies and procedures, day-to-day operations, and books and records.

Mr. Wenner was the Vice President and Treasurer of Debtor from February 2, 2021, until he resigned on June 1, 2024. In that position he did not take an active role in the management of Debtor. Debtor filed for relief under Chapter 11 on June 26, 2024. Debtor filed its application to retain Mr. Wenner as CRO on July 26, 2024. Mr. Wenner has been serving as CRO while the application is pending.

A copy of the contract between Debtor and Canada Inc. is attached to the application. It outlines the services to be provided, including assisting Lodging with respect to resolving and settling issues with its creditors;

---

[3] Doc. 132, pp. 6-8; Doc. 217.

overseeing and supervising the professionals retained by Lodging; and reviewing and on behalf of Lodging approving the professionals' preparation and filing of documents and pleadings in the Chapter 11 case. Mr. Wenner will be paid $25,000 per month for his services. Although the original CRO agreement contained a success fee, that agreement has been amended and the success fee has been eliminated. Mr. Vukota does not control Mr. Wenner's decisions as CRO, and Mr. Wenner's selection as CRO was not predicated on an understanding that he would protect the interests of the equity holders, including Mr. Vukota. Mr. Wenner testified that as CRO he has obligations to all stake holders, including creditors, and may take actions contrary to the interests of equity holders.

The UST objects on the following grounds: Mr. Wenner and his company are not disinterested; and the application is insufficient because it does not address connections as required by Federal Rule of Bankruptcy Procedure 2014(a) (Rule 2014(a)), and other reasons.[4] Debtor responds: Mr. Wenner may be retained without addressing § 327; alternatively, Mr. Wenner is disinterested for purposes of § 327(a) because his role as officer of the Debtor does not prohibit his retention under § 1107(b); Mr. Wenner is not an

---

[4] Doc. 174.

insider due to his position at VCM Inc.; and Mr. Wenner does not hold an interest materially adverse to the estate.[5]

The Court rejects Debtor's argument that Mr. Wenner can be retained without addressing § 327. Subsection (a) of § 327 states it applies to employment of "attorneys, accountants, auctioneers, or other professional persons." "Courts have generally limited the scope of the undefined phrase 'other professional persons' to persons whose occupations play a fundamental role in the administration of the debtor's estate."[6] Factors which indicate the person is a professional are: controlling and managing assets significant to the debtor's reorganization; involvement in negotiating a reorganization plan; whether the person is given discretion to exercise his professional judgment in administration of the estate; the extent of involvement in the administration of the estate; and whether exercise of the employee's services involve special skill or knowledge.[7] Other courts have held that a chief

---

[5] Doc. 211.

[6] 3 *Collier on Bankruptcy* ¶ 327.02(6)(a) (Richard Levin & Henry J. Sommer eds., 16th ed.).

[7] *Id. (*quoting *In re First Merchants Acceptance Corp.*, No. 97-1500 JJF, 1997 WL 873551 at *3 (Bankr. D. Del. Dec. 15, 1997); *see also In re Brookstone Holdings Corp.*, 592 B.R. 27, 34-35 (Bankr. D. Del. 2018) (relying on these factors from *First Merchants*).

4

restructuring officer is a professional.[8] The Court finds under the forgoing criteria Debtor seeks to employ Mr. Wenner as a professional. Section 327 therefore applies.[9]

Section 327(a) provides a debtor in possession may retain one or more professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons." Section 101(14) defines a "disinterested person" as a person who (A) is not a creditor, an equity security holder, or an insider; (B) is not and was not within two years before the date of filing, a director, officer, or employee of the debtor; and (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders.

The UST submits Mr. Wenner is an insider of Debtor and therefore not a disinterested person under § 101(14)(A). The factual basis for this assertion is Mr. Wenner's status as the Chief Financial Officer of VCM Inc. It is true that Mr. Vukota, who controls Debtor, owns VCM Inc and also is the general manager of VCM Lodging LP, which holds a 22.5% interest in Debtor's

---

[8] *E.g, In re Blue Stone Real Estate, Constr. & Dev. Corp.*, 392 B.R. 897, 907 (Bankr. M.D. Fla. 2008).

[9] In its brief, Debtor mentions the Jay Alix Protocol, (*see* Vol. 3 § 3-7.1.1 p. 94-95, United States Trustee Program Policy and Practices Manual*,* https://www.justice.gov/ust/file/volume_3_chapter_11_case_administration.pdf/dl?inline), but makes no attempt to show its requirements are satisfied.

5

parent, VCM Lodging Enterprises L.P. The UST argues this multi-tiered ownership structure results in Mr. Wenner being an insider of Debtor because of his role as Chief Financial Officer of VCM Inc. But such attribution requires that the entity alleged to have such ownership and control (VCM Inc.) of Debtor must hold at least 50% of the equity at each tier of the structure.[10] That test is not satisfied here. Mr. Wenner is not an insider of Debtor and therefore does not fail the disinterested person definition of § 101(14)(A).

Mr. Wenner was an officer of the Debtor until shortly before the case was filed. He therefore is not a disinterested person under § 101(14)(B).

The Court, however, rejects the UST's assertion that Mr. Wenner holds an interest materially adverse to the estate thereby disqualifying him as a disinterested person under § 101(14)(C). The UST first relies on the fact that a prior iteration of the CRO agreement contained a bonus for Mr. Wenner if he found a resolution of Debtor's financial distress that resulted in Mr. Vukota maintaining his equity in Debtor or receiving a cash payment. The CRO agreement has been amended, and these terms are not in the proposed retention agreement. Based upon Mr. Wenner's affidavits and testimony, the

---

[10] *E.g., In re Elephant Bar Rest., Inc.*, 196 B.R. 747, 749 ( Bankr. W.D. Pa. 1996).

6

Court is satisfied Mr. Wenner's relationship with Mr. Vukota is not an interest materially adverse to the estate and there is very little likelihood that such an adverse interest will arise from that relationship during the course of this case. The Unsecured Creditors' Committee supports the retention of Mr. Wenner. The UST has filed the only objection.

Mr. Wenner is therefore not a disinterested person under § 101(14) only because of his prior status as an officer of the Debtor. But according to Debtor, this does not result in disqualification because the disinterested standard is modified in Chapter 11 cases by § 1107(b). It provides, "notwithstanding § 327(a)," a person is not disqualified from retention under § 327(a) solely because of such person's employment by the debtor before the commencement of the case. The UST argues the Court should adopt a narrow construction of § 1107(b),[11] under which an applicant's prior employment is the only disqualifying factor. Debtor relies on cases rejecting this rigid interpretation of § 1107(b), under which the totality of the circumstances is examined.[12] Under that more liberal construction, the exception "extends to

---

[11] *E.g., In re Essential Therapeutics, Inc.*, 295 B.R. 203, 207-08 (Bankr. D. Del. 2003) ("We conclude that section 1107(b) must be narrowly construed and is not meant to eliminate all the specific tests for disqualification enumerated in section 101(14) *except* the mere fact of prior employment or retention.").

[12] *E.g., In re Talsma*, 436 B.R. 908, 913-14 (Bankr. N.D. Tex. 2010) (rejecting a rigid application of § 327(a) and employing totality of the circumstances approach); *see also In re SMBC Healthcare, LLC*, 473 B.R. 871, 879 (Bankr. S.D. Tex. 2012) (adopting

the necessary consequences of the prepetition employment."[13] A leading decision adopting this position reasons since nothing in § 327(a) or the definition of "disinterested person" disqualifies a professional for employment solely because of prior employment, the exception must reach to the consequences of such employment, such as creditor status, insider knowledge, and influence over the debtor's affairs.[14] This interpretation allows a debtor to "keep administrative expenses low by providing the opportunity to retain professionals who do not have to spend significant time and resources becoming familiar with debtor's operations."[15]

    The Court rejects the narrow construction of § 1107(b) and finds the facts and circumstances test better reasoned. Here, as a result of prior employment by Debtor and VCM Inc., Mr. Wenner is knowledgeable about Lodging's business, financial conditions, policies and procedures, day-to-day operations, and books and records. The efficiency of Debtor's Chapter 11 case would be seriously impaired if Mr. Wenner could not be retained as the CRO.

---

a totality of the circumstances approach when assessing a debtor's retention of a prepetition creditor as a professional).

[13] *In re Talsma*, 436 B.R. at 913 (cited with favor in *In re Aquatic Pools, Inc.*, No. 15-11406 t11, 2018 WL 3013277, at *4 (Bankr. D.N.M. June 14, 2018)).

[14] *Id.* at 915.

[15] *Id.* at 916.

Finally, the Court rejects the UST's objection to Debtor's application for noncompliance with Rule 2014(a). The Rule requires an application to state numerous things, including "all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee." Debtor's application did not include a statement of connections. In addition, the UST objects to some terms of the proposed contract of retention. The Court finds the UST is correct that connections were not stated and some terms of the contract, such as compensation, are not reasonable. The UST had the opportunity at the hearing to demonstrate the materiality of these deficiencies, but failed to do so. As a result of Mr. Wenner's supplemental affidavit and his testimony, the Court is convinced that these Rule 2014 issues are not of sufficient import to warrant denial of the application in light of the significant harm to Debtor's reorganization efforts if the application to retain Mr. Wenner were to be denied.

The Court therefore approves Debtor's application to retain Canada Inc. and its employee, Mr. Wenner, as CRO.

**It is so ordered.**

###